# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:15-cr-425 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION & ORDER |
| CHRISTOPHER B. YATES, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Christopher Yates ("Yates") to modify or discontinue restitution. (Doc. No. 29.) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 30.)

On May 18, 2016, Yates was sentenced to a term of imprisonment of 121 months. (Doc. No. 16 (Judgment).) As part of his sentence, he was ordered to pay a special assessment of $200.00 and restitution in the amount of $5,000.00. (*Id*. at 5.[1]) While in custody, Yates was to submit payments of 25% of his gross monthly income through the Federal Bureau of Prisons ("BOP") Inmate Financial Responsibility Program ("IFRP"). (*Id*. at 6.) Once he is released, he is to submit 10% of his gross monthly income during the term of his supervised release and thereafter until his financial obligations are satisfied. (*Id*.)

While Yates represents that he still owes "between 30K and 40K" in restitution, financial records supplied by the government demonstrate that Yates has already satisfied the $200.00

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

special assessment and has made payments toward his restitution, with a remaining a balance (as of August 28, 2020) of $4,940.00. (Doc. No. 30-1 (Inmate Financial Responsibility Display); Doc. No. 29 at 1.) Nevertheless, Yates maintains that his facility has been in lockdown during the COVID-19 pandemic, and, as a result, he has been unable to work a prison job in order to earn money to satisfy restitution. According to Yates, he rarely receives funds from outside sources and complains that once he pays for postage and hygiene items, he is left with extremely limited funds. (Doc. No. 29 at 1.) He insists that he "see[s] no way out of this financial strain other than for [the Court] to rescind the collection order mandated during [his] sentencing hearing." (*Id.*)

As a general rule, a federal court may not modify a criminal sentence once it has been imposed. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Instead, its authority to resentence generally must flow from either a court of appeals mandate under 18 U.S.C. § 3742, Federal Rule of Civil Procedure 35, or some other statutory provision. Here, there is no mandate from the Sixth Circuit Court of Appeals. Further, Rule 35 is inapplicable because it requires a motion from the government, *see* Fed. R. Civ. P. 35(b), and no government motion has been filed. There is also authority, under 18 U.S.C. § 3573, to modify a sentence upon motion from the government. *See* 18 U.S.C. § 3573. However, again, no government motion has been filed, making § 3573 also inapplicable.[2]

In sum, the Court lacks authority to terminate Yates' financial obligations. Accordingly, his motion seeking a rescission of restitution is DENIED.

---

[2] Likewise, 18 U.S.C. § 3582(c) allows for a "compassionate release" under certain circumstances. But this exception addresses a court's authority to "modify a term of imprisonment[,]" and does not support an adjustment to a defendant's restitution.

When restitution is ordered, a court may adjust the payment schedule under certain statutory provisions. Title 18 U.S.C. § 3572 authorize the Court to "adjust the payment schedule, or require immediate payment in full," of a fine when a defendant's economic circumstances have materially changed. *See* § 3572(d)(3). It does not, however, authorize the Court to reduce or commute a fine. Additionally, under 18 U.S.C. § 3613A, the Court has discretion to adjust a restitution payment schedule "[u]pon a finding that the defendant is in default on a payment of . . . restitution[.]" In determining the appropriate course of action, a court considers a defendant's "employment status, earning ability, financial resources, the willfulness in failing to comply with the fine or restitution order, and any other circumstances that may have a bearing on the defendant's ability to comply with the order of a fine or restitution." § 3613A(a)(2).

To the extent that Yates' motion can be construed as seeking an adjustment to the payment schedule for restitution, Yates has failed to proffer a sound basis to justify such a modification. There is no evidence that Yates is in default of his payments, and he offers no support for his position that he rarely receives funds from outside sources. In fact, financial records supplied by Yates show that, within 6 months of filing the present motion, he had received funds on several occasions, totaling $225.00. (Doc. No. 29 at 2.) In light of this evidence, Yates' unsupported complaints of "financial strain" are insufficient to support an adjustment of his payments. *Cf. United States v. Armstrong*, No. 17-mc-50464, 2018 WL 2041835, at *4 (E.D. Mich. May 2, 2018) (denying a modification of restitution order premised entirely on unsupported complaint of "financial hardship"); *United States v. Wisdom*, No. 14-20359, 2021 WL 4949226, at *1–2 (E.D. Mich. Oct. 25, 2021) (similar).

As the government points out, the BOP has evaluated Yates' ability to pay and has placed him on a minimum payment schedule. (Doc. No. 30 at 2; *see* Doc. No. 30-1 at 1.) To the extent that the pandemic has restricted Yates' ability to work inside his institution, the BOP is capable of adjusting the payment schedule accordingly. (*See* Doc. No. 30-2 (BOP Program Statement P5380.08).) Because the BOP is administering Yates' payment schedule, and Yates has failed to demonstrate a basis for this Court to adjust that schedule, Yates' request to modify his restitution payments is also DENIED.

For the foregoing reasons, Yates' motion (Doc. No. 29) is DENIED.

**IT IS SO ORDERED**.

Dated: July 8, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**